UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KADIR MALOVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1285-CEJ |
| ) | |
| NORFOLK SOUTHERN RAILWAY CO., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to dismiss this action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), and his request for a hearing. Defendant responded in opposition. Plaintiff did not file a reply, and the time allowed for doing so has expired.

### I. Background

Plaintiff initiated this negligence action in a Missouri state court on July 22, 2015, alleging that he was injured while picking up a trailer owned by defendant. Defendant timely removed the action on August 20, invoking jurisdiction based on diversity of citizenship. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a), 1446(a), (b). Defendant also filed its answer the same day. Plaintiff filed the instant motion on September 11. He seeks to dismiss the action without prejudice for the sole purpose of "re-filing his case in the Circuit Court of the State of Missouri" against defendant and other "not yet identified non-diverse [d]efendants." [Doc. #11 at 2]. Plaintiff states that it was his intention to identify the non-diverse defendants through discovery while the case was still pending in the state court. He does not state the claims that he intends to assert against the unidentified defendants.

## II. Discussion

Plaintiff moves to dismiss this action pursuant to Rule 41(a)(1)(A), which allows for dismissal of an action as a matter of right when either a notice of dismissal is filed before the opposing party serves an answer or a motion for summary judgment or when all parties stipulate to the dismissal. In this case, defendant answered the complaint weeks before plaintiff filed the instant motion, and the parties have not signed a stipulation for dismissal. Therefore, Rule 41(a)(1)(A) is not a proper basis on which to seek dismissal.

The only other basis for a voluntary dismissal is found in Rule 41(a)(2), which provides that "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "When deciding whether to exercise its discretion to allow a voluntary dismissal, the district court should consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (quotation marks, citations, and ellipses omitted). "[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (quotation marks and citations omitted); *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) ("[I]t is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum."); *see also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 979–80 (8th Cir. 2011) (explaining that even a claim against a non-diverse defendant may not deprive a federal court of subject matter jurisdiction if the non-diverse defendant is

"fraudulently joined," such that "the plaintiff's claim against the diversity-destroying defendant has no reasonable basis in fact and law" (quotation marks and citations omitted)).

Plaintiff's sole reason for requesting to voluntarily dismiss is to seek a more favorable forum. He has not sought to amend his complaint to add a non-diverse defendant. In fact, he concedes that he does not know the identity of any such defendant. Moreover, it is evident from the motion that plaintiff's intention was to add non-diverse defendants in order to prevent removal. Under the circumstances presented here, plaintiff will not be permitted to dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss this action without prejudice [Doc. #11] is **denied**.

*Carol E. Jackson*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2015.